UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:00CV198-3-W
(3:93CR124-1)

| | |
|---|---|
| DONALD RAY BARBER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's "Motion for Relief Pursuant to Fed. Rule 60(b)" (Document No. 16.) For the reasons stated herein, the Petitioner's motion will be denied.

According to the record of this matter, Petitioner was charged by Indictment on June 9, 1994 with various drug charges including conspiracy to possess with intent to distribute cocaine. Visiting Judge Richard Williams presided over Petitioner's trial. On October 12, 1994 a jury found him guilty of conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846. On February 2, 1995, Petitioner was sentenced to a term of life imprisonment. Petitioner appealed his conviction and sentence to the Fourth Circuit Court of Appeals. On May 5, 1997 the Fourth Circuit denied Petitioner's appeal and on May 30, 1997, the Fourth Circuit issued its mandate reflecting the same. On January 19, 1999, Petitioner executed a motion requesting an extension of time to file a § 2255 motion. The Court granted Petitioner a series of extensions of time, permitting him to file his § 2255 motion by May 1, 2000. Petitioner, through counsel, filed his 2255 on that date (Document No. 1.) By order dated January 8, 2001 the Court denied and dismissed the

claims contained in Petitioner's § 2255 motion (Document No. 11.) On February 28, 2001, Petitioner filed a notice of appeal of the Court's Order denying his § 2255 motion (Document No. 13.) On August 2, 2001 the Fourth Circuit dismissed Petitioner's appeal finding no reversible error (Document No. 14.) On December 1, 2005, over four years after the Fourth Circuit dismissed Petitioner's appeal, Petitioner filed the instant motion asking this Court to "reopen" his § 2255 case due to the fact that the government "fraudulently misled this Court, by misrepresenting the facts and other matters directly related to the court's infliction of punishment, amount and type of drugs involved." (Motion at 9-10.) Most recently, Petitioner filed a Petition for Writ of Mandamus in the Fourth Circuit Court of Appeals regarding his motion filed in this Court.

Petitioner alleges that a "fraud" was committed on this Court by the United States during Petitioner's § 2255 proceedings. In support of this contention, Petitioner argues that the Court increased his range of punishment, in his underlying criminal case, based on the government's fraudulent allegations regarding the weight and type of drugs which was not before the jury.[1] Petitioner appears to be making an argument based on the Court's decision in <u>United States v. Booker and Fanfan</u>, 543 U.S. 220 (2005).

First, Petitioner makes his motion pursuant to Federal Rule of Civil Procedure 60(b) which provides for relief from judgment for a variety on enumerated reasons including fraud,

---

[1] The Court notes that Petitioner attempted to raise a similar claim in his motion to amend his motion to vacate. Indeed, he attempted to amend his §2255 motion to add claims that his rights under the Fifth and Sixth Amendments were violated by the failure of the jury to find the type and quantity of drugs he distributed. The Court denied his motion to amend as it was untimely and did not relate back to the claims raised in his original § 2255 motion. The Court also noted that the claim Petitioner was attempting to make under <u>Apprendi</u> was not cognizable because such a claim was not retroactively applicable to cases on collateral review. (Document No. 11.)

misrepresentation, or other misconduct which falls within subsection 3 of Rule 60(b). The rule specifically provides that motions shall be brought within a reasonable time, and that motions brought pursuant to subsections (1), (2), or (3) shall not be brought more than one year after the judgment, order or proceeding was entered or taken. The Judgment from the Fourth Circuit was entered on September 26, 2001. The instant motion was filed more than four years after the Judgment issued. This is well over the one year limitation provided for motions made pursuant to Rule 60(b)(1), (2) or (3) and is also more than a "reasonable time" provided for motions brought under any other subsection of Rule 60 (b). For this reason, Petitioner's motion is denied.

Next, Petitioner's motion appears to be a further attempt to attack his underlying conviction and sentence. In that regard, his motion would be construed as an attempt to file a second 2255 petition. Such petition must be denied as Petitioner has not sought permission to file a second or successive petition from the Fourth Circuit Court of Appeals. 28 U.S.C. § 2244(b)(3)(A). Moreover, any such petition would be well out of time pursuant to the Antiterrorism and Effective Death Penalty Act's one year limitations period.

Finally, the Booker claim that Petitioner is attempting to make is without merit in that Booker is not retroactively applicable to cases on collateral review. United States v. Morris, 429 F.3d 65, 72 (4th Cir. 2005).

**THEREFORE, IT IS HEREBY ORDERED** that Petitioner's "Motion for Relief Pursuant to Fed. Rule 60(b)" is Denied.

**SO ORDERED**.

Signed: August 24, 2007

Frank D. Whitney
United States District Judge